UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

Eastern District of Kentucky
**FILED**
MAY 3 1 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 07-CV-92-DLB

MANUEL COOPMAN                                                                                  PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                                        DEFENDANT

      Plaintiff Manuel Coopman ("Coopman") has filed a civil complaint utilizing a court-supplied form for filing civil rights actions under 42 U.S.C. §1983 [Record No. 2] along with a motion to proceed *in forma pauperis* [Record No. 1]. In his complaint, Coopman alleges generally that the monetary system utilized in this country unfairly discriminates among people and causes a form of slavery and psychological assault in violation of the First and Fourteenth Amendments to the Constitution of the United States. Coopman names as defendants the President of the United States, Congress, all government employees, police, attorneys, mayors, judges, psychologists, actors, directors, and musicians. Coopman includes a detailed list of changes to political, economic, and social structures to remedy these alleged violations.

      Because Coopman is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But his complaint must satisfy the requirements of the rules of civil procedure, which requires his complaint to explain the basis of the Court's jurisdiction over his claims and the factual basis for his claims along with a detailed request for relief. Fed.R.Civ.P. 8(a). Any complaint must meet these requirements, and one that does not must be dismissed, without prejudice to refiling a new complaint that satisfies these requirements. *Harman v. Gist*, 2003 WL 22053591 (N.D. Ill.

2003); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000) ("[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be."); *Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. 2000).

The Court can readily discern that Coopman invokes this Court's jurisdiction over federal questions under 28 U.S.C. §1331, and this requirement is therefore deemed satisfied. The other two requirements are plainly not satisfied, however. With respect to the requirement that a plaintiff allege his claims specifically, Coopman's complaint fails because he does not identify specific individuals or allege specific actions which resulted in his injury. Rather, he identifies broad classes of people performing certain government functions as defendants. His requested relief suffers from a similar shortcoming--Coopman identifies broad social changes that he wishes to implement rather than specific relief. Because the Court is unable to grant this relief, his claims are rendered moot. In sum, Coopman's complaint must be dismissed because he is attempting to use a civil lawsuit as a vehicle to implement broad and sweeping social change, something that can and should be achieved through participation in the democratic process rather than imposed by a court of law. When a civil complaint suffers from such fundamental defects, the complaint will be dismissed, without prejudice, for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000).

Coopman's motion to proceed *in forma pauperis* under 28 U.S.C. §1915(a) [Record No. 1] was completed on a form designed for use by prisoners, and does not provide sufficient information for a court to assess a non-prisoner's ability to pay the $350.00 filing fee. Accordingly, the motion will be denied.

Accordingly, it is hereby **ORDERED** as follows:

(1) Plaintiff's motion to proceed *in forma pauperis* [Record No. 1] is **DENIED.**

(2) The plaintiff's complaint [Record No. 2] is **DISMISSED WITHOUT PREJUDICE.**

(3) This is a **FINAL AND APPEALABLE ORDER.**

(4) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

This  31st  day of May, 2007.



Signed By:
David L. Bunning
United States District Judge

3